UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60004-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

vs.

ROANNE EYE,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motions to Obey Constitution for the United States Above All Other Laws Applicable Thereto (DE 3 and 45) and Defendant's Motions to Avoid Mistrial (DE 4 and 52) and the Government's responses thereto (DE 31, 32, and 54).  These Motions were referred to the undersigned pursuant to 28 U.S.C. § 636 and Magistrate Rule 1(c) and (d), Local Rules of the United States District Court for the Southern District of Florida (DE 34).  For the reasons set forth below, Defendant's Motions are DENIED.

Defendant Roanne Eye has been charged by a superseding indictment with one count of interference with the administration of the Internal Revenue laws by, *inter alia*, filing false tax returns, in violation of 26 U.S.C. § 7212 (Count I) and with eleven counts of filing material false, fictitious, or fraudulent claims (specifically, false income tax returns and supporting documents) upon and against the United States and the Internal Revenue Service, in violation of 18 U.S.C. § 287 (Counts II-XI).  See Superseding Indictment (DE 36).  Defendant has chosen to proceed herein without counsel.  See Refusal of Counsel (DE 17).  Trial in this matter is set for the second week of the trial period commencing July

25, 2011 (DE 59).

## MOTIONS TO OBEY CONSTITUTION

Defendant Eye has filed Motions to Obey the Constitution for the United States Above All Other Laws Thereto (DE 3 and 45).  These Motions, however, fail to allege any specific violation of the United States Constitution that the Government has purportedly violated.  The Government responds that it is aware of its obligation to obey the United States Constitution and that it intends to comply with the Federal Rules of Criminal Procedure and to meet the requirements of the Standing Discovery Order.  The Government also represents that it will afford to Defendant the protections afforded by Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), United States v. Giglio, 405 U.S. 150 (1972), Napue v. Illinois, 360 U.S. 264 (1969), and their progeny.  The Court accepts these representations.

In support of the Motions, Defendant has submitted a 56-page affidavit (DE 5) and a 5-page affidavit (DE 46) in which she challenges the subject matter jurisdiction of this Court.  Title 28 U.S.C. § 3231, however, gives the United States district courts original, exclusive jurisdiction of all offenses against the laws of the United States, which necessarily includes the tax laws.  29 U.S.C. § 3231.  Moreover, the laws of the United States, including the tax laws, apply to Defendant Eye. See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987).  Accordingly, Defendant's Motions to Obey the Constitution for the United States Above All Other Laws Thereto (DE 3 and 45) are DENIED.

MOTIONS TO AVOID MISTRIAL

Defendant Eye has also filed Motions to Avoid Mistrial (DE 4 and 52).[1]  To the extent these Motions request a mistrial, they are DENIED as premature; the trial of this matter has not yet commenced.  The Court will nonetheless address Defendant's arguments: (1) the Government committed treason; (2) the Court lacks standing and subject matter jurisdiction; and (3) this case is subject to dismissal pursuant to the 24th Amendment of the United States Constitution.

Defendant first argues that the Government has committed "**Treason** and **Treason Conspiracy**, by way of **Seeded Treason**," **"Constructive Treason," "Misprision of Treason,"** and **"Treason in the Factum."**  More specifically, Defendant argues that the Government committed treason in enacting the Internal Revenue Code of 1954 because it attempt to enact a national gun registration, attempted to make all firearms subject to seizure and forfeiture, and attempted to impose a tax upon all "significant" guns in the United States. According to Defendant, the Internal Revenue Code of 1954 was, therefore, void *ab initio;* hence, all successive amendments to the Code are void.  Additionally, Defendant argues that the Government's (alleged) treasonous acts resulted in the 1995 bombing of the Alfred Murrah Federal Building in Oklahoma City and the ensuing loss of lives.   Defendant's arguments are frivolous and without any basis in either fact or law.

Defendant next argues that this Court lacks standing to be present at and to conduct the trial of this matter and that the Court lacks subject matter jurisdiction.  She contends

---

[1]  The full title of each motion (DE 4 and 52) is "Motion to Avoid Mistrial for Upcoming Trial by Treason; - Lack of Standing and Constructive Subject Matter Jurisdiction; - Twenty Fourth Amendment Denies Grounds for Charges - to Be Imposed upon the Alleged Defendant, Roanne Eye."

that the framers designed the Constitution so that judges would not have the right to participate in any way in criminal trials; rather, criminal trials are to be conducted only by impartial juries. Defendant has provided no legal support for her contention; she relies solely on an (alleged) statement by "Mr. Founder Gerry" that juries are necessary to guard against corrupt judges, and the response thereto: "They can't; the judge will overrule them every time." Motions at 12 (DE 4 and 52). Defendant's standing argument is without merit. And Defendant's argument that this Court lacks subject matter jurisdiction must also fail. As explained above, the Court has original, exclusive jurisdiction pursuant to 18 U.S.C. § 3231.

Defendant finally argues that this case should be dismissed pursuant to the 24th Amendment of the United States Constitution. The 24th Amendment prohibits Congress and the states from conditioning the right to vote in federal elections on the payment of a poll or other tax. This case does not involve Defendant's right to vote, the poll tax, or any other voting issues; therefore, dismissal on this basis would be improper.

In sum, Defendant's Motions to Avoid Mistrial is premature because the trial has not yet been conducted. And Defendant's arguments that the Government committed treason, that the Court lacks standing and subject matter jurisdiction, and that this case is subject to dismissal under the 24th Amendment are without merit. Accordingly, Defendant's Motions to Avoid Mistrial (DE 4 and 52) are DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 6th day of April 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Roanne Eye
10024 N.W. 4th St.
Plantation, FL  33324

Jennifer Keene
Assistant United States Attorney
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, FL  33394

Matthew J. Muller
U.S. Department of Justice, Tax Division
60 D. Street, NW, 7th Floor
Washington, D.C. 20004